1

1     IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF VIRGINIA
2              RICHMOND DIVISION

3

      _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
4                                    )
                                     )
5     UNITED STATES OF AMERICA       )
                                     )
6     v.                             )    Criminal No.
                                     )    3:20cr55
7     KELLEN DONELSON                )
                                     )    June 24, 2020
8     _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

9

10

11        COMPLETE TRANSCRIPT OF GUILTY PLEA
         BEFORE THE HONORABLE M. HANNAH LAUCK
12           UNITED STATES DISTRICT JUDGE

13

14

15    APPEARANCES:

16    Kevin Elliker, Assistant United States Attorney
      Office of the U.S. Attorney
17    SunTrust Building
      919 East Main Street, Suite 1900
18    Richmond, Virginia   23219

19          Counsel for the United States

20    Carolyn V. Grady, Assistant Federal Public Defender
      Office of the Federal Public Defender
21    701 E. Broad Street, Suite 3600
      Richmond, Virginia   23219

22

          Counsel for the Defendant
23

24            DIANE J. DAFFRON, RPR
              OFFICIAL COURT REPORTER
25          UNITED STATES DISTRICT COURT

2

1          (The proceedings in this matter commenced at

2     11:39 a.m.)

3          THE CLERK:  Case No. 3:20CR55, *United States*

4     *of America versus Kellen Thomas Donelson*.

5          The United States is represented by

6     Kevin Elliker.  The defendant is represented by

7     Carolyn Grady.

8          Are counsel ready to proceed?

9          MR. ELLIKER:  The United States is ready,

10    Your Honor.

11         MS. GRADY:  The defense is ready, Your Honor.

12         THE COURT:  So I'm going to state on the

13    record, I'm sure you all have already discussed it in

14    this pandemic time, I'm going to allow you to decide

15    how you want to interact with each other and the

16    microphones.

17         Obviously, we have disinfectant wipes and we

18    have hand sanitizer.  I'm going to take off my mask

19    because I think I can be heard more easily, but I

20    leave it up to you all what you want to do as far as

21    interacting with the Court.  As long as my court

22    reporter can hear it, I'm fine.

23         MR. ELLIKER:  Thank you, Your Honor.  I'll

24    take my mask off, but I'll do my best not to touch the

25    podium to make things easier on my colleagues.

1             We are here this morning for the waiver of

2    indictment and a Rule 11 hearing for Kellen Donelson,

3    who's charged with a violation of 18 U.S.C. Section

4    2251(a) production of child pornography.  That offense

5    carries a mandatory minimum sentence of imprisonment

6    of 15 years and a maximum penalty of 30 years'

7    imprisonment, a $250,000 fine, a term of supervised

8    release between five years and life, forfeiture as

9    alleged in the criminal information, and restitution

10   obligations as imposed by the Court at sentencing.

11            In addition to the plea agreement and the

12   statement of facts that the Court has in front of it,

13   there's also a waiver of indictment form and a consent

14   order of forfeiture for the devices used in this

15   offense.

16            THE COURT:  All right.  Thank you,

17   Mr. Elliker.

18            Ms. Grady, how do you want to the proceed?

19            MS. GRADY:  My client and I will come to the

20   podium, Your Honor.

21            THE COURT:  Okay.

22            All right.  Mr. Donelson, I'm going to ask if

23   somebody could please put up there a hand sanitizer

24   and some paper towels, if we have them, just in case

25   there's a moment where you want to take a minute,

1    Mr. Donelson.  All right?

2            THE DEFENDANT:  Uh-huh.

3            THE COURT:  I'm going to ask you a series of

4    questions, sir, to make sure you understand the nature

5    and the consequences of this plea.  I'm going to ask

6    you these questions under oath.

7            If you were to be untruthful in response to

8    anything I ask, you could be subject to different or

9    additional penalties, including perjury.  Do you

10   understand that?

11           THE DEFENDANT:  Yes, ma'am.

12           THE COURT:  All right.  We'll place you under

13   oath.

14           (The defendant is sworn by the clerk.)

15           THE COURT:  All right, sir.  The first thing

16   I need to confirm is that you understand that you have

17   a right to go forward by way of criminal indictment,

18   not by the criminal information I have in front of me.

19   That would require a separate finding of probable

20   cause by a grand jury, not just the charging document

21   from the United States.

22           I have in front of me a signed waiver of

23   indictment and it appears to have your signature on

24   it.  I want to confirm, did you have plenty of time to

25   speak to Ms. Grady about this aspect, about the waiver

1  of indictment, before you signed it and before you

2  came into the courtroom today?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  And, Ms. Grady, did you have

5  sufficient time to advise as to that?

6          MS. GRADY:  I did, Your Honor.

7          THE COURT:  All right.

8          Now, sir, if at any time I'm asking you a

9  question as part of this proceeding and you're not

10  sure what I'm trying to ask, interrupt me and speak to

11  your attorney before you give me any kind of answer.

12          THE DEFENDANT:  Okay.

13          THE COURT:  I also want you to know you can

14  choose to withdraw your guilty plea at any time until

15  I accept it today.  Once I take your plea today, you

16  cannot withdraw it except for what's called a just and

17  fair reason, and that's a very high and difficult

18  standard to meet under the law.  Do you understand

19  that?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  All right.  Now, sir, are you

22  named correctly in this criminal information and the

23  plea?  Are you Kellen Thomas Donelson?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Have you drunk any alcohol or

1    taken any drugs, prescription or otherwise, within the

2    past 24 hours?

3              THE DEFENDANT:  No, ma'am.

4              THE COURT:  Have you ever been treated for

5    any mental or emotional disorder or addiction of any

6    kind?

7              THE DEFENDANT:  No, ma'am.

8              THE COURT:  All right.  Now, I know you can

9    speak English because we're doing it, but because

10   these are all written documents I need to confirm, can

11   you read and write the English language?

12             THE DEFENDANT:  Yes.

13             THE COURT:  All right?  How old are you, sir?

14             THE DEFENDANT:  I'm 32.

15             THE COURT:  And how far have you gone in

16   school?

17             THE DEFENDANT:  A bachelor's degree.

18             THE COURT:  Okay.  I do want to confirm you

19   know the charge and the potential penalties we're

20   talking about today.  As I see it, you're proposing to

21   waive indictment and plead guilty to a criminal

22   information which has a single count of charging

23   production of child pornography in violation of Title

24   18, United States Code, Section 2251(a).  The maximum

25   possible penalties for this offense is a mandatory

1   minimum of 15 years' imprisonment, a maximum term of

2   30 years, a $250,000 fine, restitution, forfeiture of

3   assets, and a special assessment under the statute

4   that governs that, and a term of supervised release of

5   at least five years and up to potentially life.

6           Do you understand those are the charges and

7   the potential penalties we're talking about today?

8           THE DEFENDANT:  Yes, ma'am.

9           THE COURT:  Do you know that the Court, as

10  part of its sentence or judgment against you, can

11  impose financial penalties, and those would include

12  restitution or the cost of incarceration or

13  supervision or forfeiture, and those could be

14  collected from you by the United States like a debt?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you know that this involves a

17  felony charge, and that by pleading guilty to it, you

18  would be giving up valuable civil rights, and those

19  would include the right to vote or to hold public

20  office or to possess any kind of firearm?  Do you

21  understand that?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  All right.  Now, I want to

24  confirm, have you had a sufficient opportunity to

25  discuss everything about your case with your attorney,

1    including any possible defenses as well as the

2    decision of whether or not to plead guilty before you

3    signed any of these documents and came in today?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  All right.  Have you also

6    discussed with Ms. Grady how your sentence will be

7    determined?  Have you talked about the sentencing

8    guidelines?

9              THE DEFENDANT:  Yes, we have.

10             THE COURT:  Are you entirely satisfied with

11   what Ms. Grady has done for you?  Do you believe she's

12   done all you needed so you can make an informed choice

13   about how you want to proceed in this case?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  Do you understand, though, that

16   the decision of whether or not to plead guilty can

17   only be yours?  It can't be that of your lawyer or

18   anybody else that you know.  Do you understand that?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  Now, Mr. Donelson, during this

21   hearing, I need to go over with you in great detail

22   all the rights you'd be waiving if I take your guilty

23   plea.  The most obvious one is your absolute right to

24   plead not guilty and to demand that the government

25   prove its case beyond a reasonable doubt.  And you

1  have a right to make the government prove its case

2  whether or not you think you're guilty.  Do you

3  understand that?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  And do you know that the United

6  States has to prove every essential element beyond a

7  reasonable doubt?  So when you plead guilty, you're

8  admitting that you've done what they say, but also

9  that they can prove the charge.  Do you understand

10  that?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  All right.  Now, the trial rights

13  you'd be waiving are these:  The right to see and hear

14  all the evidence against you; the right to confront

15  and cross-examine any witness; the right to effective

16  assistance of counsel at all stages, so that would

17  include a trial; the right to use subpoenas to gather

18  and present evidence; and you'd also have the right to

19  choose not to present evidence.  You'd have the right

20  to a speedy public trial, and during that trial you

21  could choose to testify.  You could also decide not to

22  testify.  And if you decided against testifying, the

23  judge would instruct the jury that nothing could be

24  concluded from your remaining silent because you have

25  a right to remain silent.

1          The judge would also be sure that the jury

2     knew that the government has to prove every essential

3     element beyond a reasonable doubt and also that any

4     verdict would have to be unanimous.

5          So I want to be sure that you understand that

6     by pleading guilty, you're admitting the essential

7     elements, and you're waiving all these rights we've

8     gone over, and you are saying to me, in effect, that

9     you did this, and you can never again say you did not.

10    Do you understand that?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Are you intending to plead guilty

13    to this charge because you are in fact guilty of it?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Do you understand that if I take

16    your guilty plea, the only issue remain willing be

17    what sentence is to be imposed, and that will be

18    decided in a separate hearing at a later date?  Do you

19    understand that?

20         THE DEFENDANT:  Yes, I do.

21         THE COURT:  All right.  Now, sir, I do want

22    to go over the plea documents with you.  I have a copy

23    of the plea agreement, and that is an 11-page

24    document.  And there was a place for you to have

25    signed on page 10.  Did you sign there, Mr. Donelson?

1              THE DEFENDANT:  Yes, ma'am.

2              THE COURT:  And then Ms. Grady on page 10?

3              MS. GRADY:  I did, Your Honor.

4              THE COURT:  And Mr. Elliker on page 10?

5              MR. ELLIKER:  Yes, Your Honor.

6              THE COURT:  All right.  So, Mr. Donelson, I

7    want to go over with you what I think are the

8    important parts of the plea agreement to assure that

9    it confirms with what you think the deal is.

10             As I see it, you're proposing to plead guilty

11   to the charge that we've been talking about and to

12   waive indictment in doing so.  You're proposing to

13   plead guilty because you are guilty, and you're

14   admitting the facts in the statement of facts

15   establish guilt, and I'm going to review the statement

16   of facts with you in just a minute.

17             You're saying your lawyer has rendered

18   effective assistance of counsel, and you know you're

19   waiving the trial rights that we just went over in

20   great detail.

21             You're saying you understand the role of the

22   Court and probation at sentencing and that the Court

23   has the power to impose any sentence within the

24   statutory maximum.  You are agreeing that knowing

25   that, you are waiving your right to appeal the

1    conviction and any sentence within the statutory

2    maximum that is a legal sentence.  You're saying you

3    know you have to pay the $100 special assessment, and

4    that it is possible if non-indigency is found that it

5    could be up to $5,000.  You're agreeing to waive your

6    right to seek information under the Freedom of

7    Information Act or the Privacy Act.

8          You're saying you know that pursuant to the

9    law, any monetary penalties are due and payable

10   immediately.  You're agreeing that restitution is

11   mandatory and that is part of a sentence that will be

12   imposed.  You're agreeing that you understand that

13   forfeiture of assets is part of the sentence that must

14   be imposed and that you must forfeit all interest in

15   any child pornography related asset that you've owned

16   or exercised control over.

17         There are two items that are described in the

18   plea agreement.  I'm going to review the consent order

19   of forfeiture with you in just a minute.

20         You are agreeing to waive any constitutional

21   or statutory or administrative right to challenge

22   forfeiture that is in compliance with this agreement,

23   and you are agreeing to identify all assets which you

24   have had control over or have owned within the past

25   five years that are related to the charge we're

1   talking about.

2        You have been advised and you understand that

3   you, under federal law, must register and keep

4   registration current as a sex offender in any

5   jurisdiction where you reside, where you are an

6   employee, or where you are a student, and that failure

7   to comply with that obligation subjects you to

8   prosecution for failure to register.

9        In exchange, the United States is agreeing

10  that if you qualify for the two points off under the

11  guidelines for acceptance of responsibility and your

12  offense level is at least 16, they will move, they

13  will ask for you to get the additional point off for

14  acceptance of responsibility.

15       They are also agreeing that the Eastern

16  District of Virginia will not criminally prosecute you

17  in the Eastern District for the specific conduct that

18  is described in the statement of facts, understanding

19  that that does not confer immunity from any

20  prosecution by a state government.

21       What constitutes a breach is also discussed

22  and that includes if you were to withdraw or to

23  intentionally give materially false or incomplete

24  information or commit any crime, in which case the

25  United States would be released from its obligations

1  under the plea, but you could not withdraw your guilty

2  plea.  Is that your understanding of the agreement

3  here?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Have there been any different or

6  additional promises or even any threats to get you to

7  plead guilty other than what's in the plea document

8  itself?

9          THE DEFENDANT:  No, ma'am.

10          THE COURT:  Now, I want to be sure you

11  understand that this plea agreement does not set forth

12  any exact sentence you will receive.  Do you

13  understand that?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  And do you also know that you

16  have waived your right to appeal any sentence within

17  the statutory maximum, but the United States has not

18  waived its right?  It could appeal.  Do you understand

19  that?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  So that means that even if you

22  disagreed with the sentence, so long as it's within

23  the statutory maximum and is a legal sentence, you

24  cannot appeal.  Do you understand?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  All right.  And do you understand

2    that the Eastern District of Virginia has agreed not

3    to prosecute you further for the conduct in the

4    statement of facts and the information, and it's

5    limited to that.  Do you understand that?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  All right.  Now, I am going to

8    review with you the consent order of forfeiture.

9    That's a two-page document.  And there was a place for

10   you to have signed on the second page.  Did you sign

11   there, Mr. Donelson, after you've talked to Ms. Grady?

12         MS. GRADY:  I just don't have a copy.  Do you

13   have a copy?

14         THE COURT:  Oh, I have it.

15         MS. GRADY:  We signed it this morning.  I

16   just want to see it.

17         THE COURT:  That's fine.

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  All right.  And, Ms. Grady, did

20   you sign?

21         MS. GRADY:  I did, Your Honor.

22         THE COURT:  And Mr. Elliker?

23         MR. ELLIKER:  Yes, Your Honor.

24         THE COURT:  Now, listed on this is an Apple

25   iPhone and a Toshiba laptop.  And I want to confirm

1   that you had plenty of time to discuss this issue,

2   forfeiture, with Ms. Grady before you signed this

3   document.

4           THE DEFENDANT:  Yes, ma'am.

5           THE COURT:  And, Ms. Grady, you also had time

6   to advise?

7           MS. GRADY:  I did, Your Honor.

8           THE COURT:  All right.  And do you

9   understand, Mr. Donelson, that the issue of forfeiture

10  and the obligation of it is ongoing over time?  It

11  doesn't end just today or even at sentencing.  Do you

12  understand that?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Now, I do want to talk to you

15  about the sentencing guidelines.  Your sentence will

16  be determined by the Sentencing Guideline Act, which

17  requires a judge to consider all relevant activity

18  whether or not it's listed in the information or the

19  statement of facts.  Do you understand that?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  And do you know the Court must

22  consider certain factors that can affect your

23  guideline range either upward or downward under the

24  guidelines.  Do you understand that?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  And do you know that the Court

2    will examine your prior criminal history, if there is

3    any, and that will have an affect on the recommended

4    range of punishment?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And do you also know that the

7    guidelines are not mandatory and a judge can impose a

8    sentence above or below within reason?

9          THE DEFENDANT:  Yes.

10          THE COURT:  All right.  Now, what will

11   happen, Mr. Donelson, is if I take your guilty plea,

12   I'll refer your case to the probation office to

13   prepare what's called the presentence report.  And

14   it's through that reporting process that your

15   guidelines will be calculated.

16          What happens is that a probation officer

17   would speak to you and your attorney and the

18   government.  They would look at these events.  They

19   would look into your background.  And then they would

20   look at the guidelines.  And they would prepare a

21   report that has a recommended sentencing range within

22   it.

23          One of the reasons I mention this process is

24   because if anybody has given you an estimate of your

25   guideline range, and I would be very surprised if

1  Ms. Grady had not given you an estimate, but even any

2  estimate that she may have given can only be a

3  prediction and no kind of promise because no one from

4  the court has even started writing that report.  Do

5  you understand that?

6         THE DEFENDANT:  Yes, ma'am.

7         THE COURT:  Do you know there are

8  circumstances where a Court can vary upward or

9  downward or depart upward or downward, and there's a

10 process that that undergoes?  Do you understand that?

11        THE DEFENDANT:  Yes.

12        THE COURT:  And do you understand that

13 there's nothing in this agreement that speaks to an

14 agreement about that, about varying upward or

15 downward?

16        THE DEFENDANT:  Yes.

17        THE COURT:  All right.  Now, Ms. Grady, are

18 you satisfied it's in your client's best interest to

19 accept the terms of the plea agreement rather than to

20 proceed to trial?

21        MS. GRADY:  Yes, I'm satisfied.

22        THE COURT:  Are you satisfied that

23 Mr. Donelson fully understands the charges against

24 him?

25        MS. GRADY:  Yes, I am.

1          THE COURT:  Are you satisfied that your

2   client has been competent and fully able to cooperate

3   with you throughout the course of this matter?

4          MS. GRADY:  Yes, I am.

5          THE COURT:  Are you satisfied there are no

6   meritorious defenses that can be raised or if there

7   are, it's still in your client's best interest to

8   enter into the plea agreement and fulfill its terms?

9          MS. GRADY:  Yes, I am.

10          THE COURT:  Are you satisfied that all of

11  your client's rights have been preserved throughout

12  these proceedings?

13          MS. GRADY:  Yes, I am.

14          THE COURT:  Do you know of any reason why I

15  should not accept the plea?

16          MS. GRADY:  No, I do not, Your Honor.

17          THE COURT:  All right.  So, Mr. Donelson --

18          MR. ELLIKER:  Your Honor --

19          THE COURT:  Yes.

20          MR. ELLIKER:  I apologize.  I thought you

21  might want to do a colloquy with the statement of

22  facts.

23          THE COURT:  I do that afterwards.

24          MR. ELLIKER:  I apologize.

25          THE COURT:  That's okay.

1    So, sir, this is the moment where I will ask
2    you whether or not you plead guilty.  So, how is it
3    that you plead to the charge and the waiver of
4    indictment of producing child pornography; guilty or
5    not guilty?
6         THE DEFENDANT:  Guilty.
7         THE COURT:  All right.  So, sir, and
8    Mr. Elliker, this is where I will go over the basis in
9    fact to make sure that there is an appropriate basis
10   for the plea.
11        I have read the statement of facts, and it is
12   three pages long.  There's a place for you to have
13   signed, Mr. Donelson.  Did you do so on page 3?
14        THE DEFENDANT:  Yes, ma'am.
15        THE COURT:  And then Ms. Grady?
16        MS. GRADY:  I did, Your Honor.
17        THE COURT:  And then Mr. Elliker?
18        MR. ELLIKER:  Yes, Your Honor.
19        THE COURT:  All right.  I can make a finding
20   that this supports the charge that we have in front of
21   us, but before I do that, I want to confirm with you,
22   Ms. Grady, is there anything in these facts that you
23   think is wrong, that should be added to, or deleted,
24   or changed in any way?
25        MS. GRADY:  There's nothing wrong, Your

1   Honor.   There will be more facts added at the time of

2   sentencing but not germane to the charge itself.

3          THE COURT:  All right.

4          And how about you, Mr. Donelson?  Is there

5   anything in these facts that you think is wrong, that

6   should be changed, or added in, taken out in the

7   document I have in front of me?

8          THE DEFENDANT:  No, ma'am.

9          THE COURT:  Did you sign the statement of

10  facts because the information in it is true?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  All right.  So, sir, this is

13  where I can make my finding of guilt, and it would be

14  your last opportunity to withdraw your guilty plea.

15  Are you prepared for me to go ahead and make my

16  finding?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  All right.  It is the finding of

19  the Court in the case of the United States versus

20  Kellen Thomas Donelson that Mr. Donelson is fully

21  competent and capable of entering an informed plea,

22  that he is aware of the nature of the charges and the

23  consequences of the plea, and that the plea of guilty

24  is knowing and voluntary and supported by an

25  independent basis in fact containing all of the

1    essential elements of the offense.  The plea is

2    therefore accepted, and Mr. Donelson is now adjudged

3    guilty of the offense.

4              So, sir, I'm going to place the statement of

5    facts and the plea agreement in the record.  I will

6    sign the consent order of forfeiture and the waiver of

7    indictment as knowingly and voluntarily made.  And

8    this is where I will order the preparation of your

9    presentence report.

10             That's going to happen pursuant to a

11   Sentencing Guideline Order that sets forth all of the

12   deadlines and the procedures under which your report

13   will be prepared.  Ms. Grady is going to go over that

14   with new great detail.

15             I always mention two parts of the process,

16   though, because I think they're important.  I've

17   talked about one already, which is that a probation

18   officer is going to interview you, speak to you, as

19   part of the process of preparing the report.  And what

20   I want you to know is that you may have Ms. Grady with

21   you during any time you speak with a probation

22   officer.

23             The other thing is that you'll get a copy of

24   your report about 35 days in advance of sentencing.

25   And that's a moment when you and your lawyer have to

1   review it very carefully because there's a window of

2   time where you could object to or seek changes in the

3   report.  And if you don't do it within the deadline,

4   that window of time, you waive your right to the

5   change.  It's done.  But the order also requires both

6   sides to meet and see if they can agree on changes in

7   the meantime.  And it's only if they cannot that a

8   formal motion is filed, and then we'd likely have a

9   separate hearing on that issue alone.

10          Do you understand generally how it works?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  All right.  So we'll give you a

13   copy of the Sentencing Guideline Order, and we'll set

14   a date.

15          I understand that the defense is seeking a

16   date close to the 90-day norm; is that right?

17          MS. GRADY:  That is correct, Your Honor, only

18   in that Mr. Donelson has been waiting about two or

19   three months to plead guilty.  He has no previous

20   criminal record.  And so I think the report could get

21   done in the 90 days.

22          THE COURT:  Right.  We have had our probation

23   office ask that we do it closer to 120 days because

24   it's hard for them to get back and forth to interview

25   folks.  But I'm going to do it closer to 90 days.

1          And, Mr. Elliker, I'm going to ask you to

2    inform the probation office of that.  And if there is

3    any serious objection, I will allow the lawyers and

4    the probation office to speak to it.  But it is the

5    case that they don't have a criminal history to

6    investigate, which is a pretty big difference in many

7    of the cases we have.

8          MS. GRADY:  I would note for Your Honor that

9    all these presentence interviews are done by video

10   now.  So there's really no issue.  For the moment

11   they're done by video.  I don't know how long that's

12   going to last, but I anticipate that being done for

13   Mr. Donelson.

14         THE COURT:  Okay.  That is a changing set of

15   circumstances that I don't need to know about or

16   certainly control because it's changing usually and

17   almost always for the benefit of the person who is in

18   jail, if that's what's happening.

19         All right.  So I have available -- I Count 90

20   days as September 22.  I have available the morning of

21   the 28th or the 29th.  I have all day the 29th.

22         MS. GRADY:  Either of those dates are fine,

23   Your Honor.

24         MR. ELLIKER:  Yes, Your Honor, either one.

25         THE COURT:  All right.  So, why don't we do

1     11:00 on the 28th.

2            So, sir, I have scheduled your sentencing for

3     September 28th at 11:00 and that will be here in this

4     courtroom.

5            In between now and then, I want you to be

6     sure to be in touch with Ms. Grady so you can assist

7     in the preparation of your presentence report.  And I

8     think we have to give you a copy of the order for the

9     lawyers to sign.

10           THE DEFENDANT:  Yes, ma'am.

11           THE COURT:  So I've signed the Sentencing

12    Guideline Order setting the date of September 28th at

13    11:00 a.m.  In between now and then, you'll be held by

14    the United States Marshals.

15           Is there anything else I need to cover?

16           MR. ELLIKER:  No.  Thank you, Your Honor.

17           MS. GRADY:  Nothing for the defense.

18           THE COURT:  All right.  We'll call a recess.

19           Good luck, sir.

20           THE DEFENDANT:  Thank you.

21           (The proceedings were adjourned at 12:05 p.m.)

22

23       I, Diane J. Daffron, certify that the foregoing is
       a correct transcript from the record of proceedings
24     in the above-entitled matter.
                              /s/
25           _____   _____
             DIANE J. DAFFRON, RPR, CCR        DATE